78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl C. JACOBSON, Jr., E.J. Johnson and International
Surfacing, Inc., Plaintiffs-Appellees,
v.
COX PAVING COMPANY and Howard Cox, Defendants-Appellants,
and
Sidney COX, Ted D. Lee, Gunn Lee & Miller, P.C., Blaze
Construction, Allen Deatley and Paul Wood, Defendants.
 No. 95-1459.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1996.
 
 Before RICH, PLAGER, and SCHALL, Circuit Judges.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 On December 12, 1995, we directed Cox Paving Company and Howard Cox (collectively Cox) to show cause within 10 days why their appeal should not be dismissed as moot. We allowed Carl C. Jacobson, Jr., E.J. Johnson, and International Surfacing, Inc. (collectively Jacobson) to respond within ten days thereafter. Cox and Jacobson submit responses. Aetna Casualty & Surety Company, which participated in the litigation in the district court in a limited fashion, also submits a response.
 
 
 2
 Briefly, Jacobson sued Cox for patent infringement in the United States District Court for the District of Arizona. The district court issued a preliminary injunction enjoining Cox from infringing Jacobson's patents. Jacobson posted a $500,000 preliminary injunction bond that it had obtained from Aetna. Subsequently, Jacobson filed two petitions for orders to show cause on Cox for allegedly violating the preliminary injunction. The district court held Cox in contempt for violation of the injunction. On January 5, 1993, the district court released to Jacobson's counsel the preliminary injunction bond. On April 14, 1993, based upon its findings and conclusions of contempt, the district court awarded Jacobson trebled damages against Cox and enjoined Cox from infringing the patents for a period of twenty-four months from the date of that order. Cox appealed to this court.
 
 
 3
 On April 14, 1994, this court, inter alia, vacated the district court's January 5, 1993 order releasing the $500,000 preliminary injunction bond and remanded with instructions to reinstate the bond. Thereafter, Cox filed a motion in the district court to reinstate the preliminary injunction bond. The district court noted that the original bond had been cancelled and that it could not be reinstated. Accordingly, on May 17, 1995, the district court ordered Jacobson to post a new $500,000 bond, meeting the same requirements as the original bond, within ten days of the date of that order. Cox appeals from that order.
 
 
 4
 Cox contends that the district court erred when it did not reinstate the original bond. However, the original bond no longer exists. The district court clearly complied with this court's April 14, 1994 order when it required Jacobson to post another $500,000 preliminary injunction bond.
 
 
 5
 Cox and Jacobson inform us that Jacobson is apparently now unable to secure a $500,000 bond. Cox argues that it may be without remedy for a wrongful injunction. This matter is not before the court, because Cox's appeal concerns only the district court's May 17, 1995 order. Further, Cox is not aggrieved by the district court's order, because that order directs Jacobson to post a new preliminary injunction bond and administers the relief ordered by this court. See Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980) (party who receives all that he has sought generally is not aggrieved by the judgment affording relief and cannot appeal from it). If Jacobson is unable to comply with the district court's May 17, 1995 order, then Cox should seek a remedy or relief in the district court.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Cox's appeal is dismissed.
 
 
 8
 (2) Each side shall bear its own costs.